UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
c/o Department of Justice
Washington, D.C. 20530,

                  *Plaintiff,*

v.

RICHARD D. FAIRBANK
c/o Capital One Financial Corporation
1680 Capital One Drive
McLean, VA 22102

                  *Defendant.*

Civil Action No.

COMPLAINT FOR CIVIL PENALTIES FOR FAILURE TO COMPLY
WITH THE PREMERGER REPORTING AND WAITING REQUIREMENTS
OF THE HART-SCOTT RODINO ACT

The United States of America, acting under the direction of the Attorney General of the United States and at the request of the United States Federal Trade Commission, brings this civil antitrust action to obtain monetary relief in the form of civil penalties against Defendant Richard D. Fairbank ("Fairbank"). The United States alleges as follows:

        I.        NATURE OF THE ACTION

1. Fairbank violated the notice and waiting period requirements of Section 7A of the Clayton Act, (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 "HSR Act" or "Act"), with respect to the acquisition of voting securities of Capital One Financial Corporation ("COF") in 2018.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over Defendant by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

3.     Venue is proper in this District by virtue of Defendant's consent, in the Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in this District.

## III.     THE DEFENDANT

4.     Defendant Fairbank is a natural person with his principal office and place of business at 1680 Capital One Drive, McLean, VA 22101.  Fairbank is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this complaint, Fairbank had sales or assets in excess of $16.9 million.

## IV.     OTHER ENTITY

5.     COF is a corporation organized under the laws of Delaware with its principal place of business at 1680 Capital One Drive, McLean, VA 22101.  COF is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this complaint, COF had sales or assets in excess of $168.8 million.

## V.  THE HART-SCOTT-RODINO ACT AND RULES

6. The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the United States Department of Justice and the Federal Trade Commission (collectively, the "federal antitrust agencies") and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a (a) and (b). These notification and waiting period requirements apply to acquisitions that meet the HSR Act's size of transaction and size of person thresholds, which have been adjusted annually since 2004. The size of transaction threshold is met for transactions valued over $50 million, as adjusted ($84.4 million for most of 2018). In addition, there is a separate filing requirement for transactions in which the acquirer will hold voting securities in excess of $100 million, as adjusted ($168.8 million in 2018), and for transactions in which the acquirer will hold voting securities in excess of $500 million, as adjusted ($843.9 million in 2018). With respect to the size of person thresholds, the HSR Act requires one person involved in the transaction to have sales or assets in excess of $10 million, as adjusted ($16.9 million in 2018), and the other person to have sales or assets in excess of $100 million, as adjusted ($168.8 million in 2018).

7. The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions. The waiting period is also intended to provide the federal antitrust agencies with the opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

8. Pursuant to Section (d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), rules were promulgated to carry out the purposes of the HSR Act. 16 C.F.R. §§ 801-03 ("HSR Rules"). The HSR Rules, among other things, define terms contained in the HSR Act.

9. Pursuant to Section 801.13(a)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(1), "all voting securities of [an] issuer which will be held by the acquiring person after the consummation of an acquisition" – including any held before the acquisition – are deemed held "as a result of" the acquisition at issue.

10. Pursuant to Sections 801.13(a)(2) and 801.10(c)(1) of the HSR Rules, 16 C.F.R. § 801.13(a)(2) and § 801.10(c)(1), the value of voting securities already held is the market price, defined to be the lowest closing price within 45 days prior to the subsequent acquisition.

11. Section 802.21 of the HSR Rules, 16 C.F.R. § 802.21, provides that, once a person has filed under the HSR Act and the waiting period has expired, the person can acquire additional voting securities of the same issuer without filing a new notification for five years from the expiration of the waiting period, so long as the value of the person's holdings do not exceed a threshold higher than was indicated in the filing ("802.21 exemption").

12. Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation. Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), the dollar amounts of civil penalties listed in Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, are adjusted annually for inflation; the maximum

amount of civil penalty in effect at the time of Fairbank's corrective filing was $42,530 per day. 84 Fed. Reg. 3980 (February 14, 2019).

## VI.     DEFENDANT'S PRIOR VIOLATION OF THE HSR ACT

13.     In 1999 and 2004, Fairbank acquired voting securities of COF that resulted in holdings exceeding the then applicable HSR notification thresholds. Although he was required to do so, Fairbank did not file under the HSR Act prior to acquiring COF voting securities in 1999 and 2004.

14.     On February 12, 2008, Fairbank made a corrective filing under the HSR Act for the acquisitions of COF voting securities he had made in 1999 and 2004. In a letter accompanying the corrective filing, Fairbank acknowledged that the transactions were reportable under the HSR Act but asserted that the failure to file and observe the waiting period was inadvertent.

15.     Fairbank outlined in his letter a system he would implement to ensure that future reportable acquisitions would be identified and the required HSR notifications filed. The Commission did not seek civil penalties against Fairbank for the 1999 and 2004 COF acquisitions.

## VII.     DEFENDANT'S VIOLATION OF THE HSR ACT

16.     Fairbank is the Chief Executive Officer of COF and, as a result of holding this position, receives stock options as well as performance stock units ("PSUs") as a part of his compensation package. On February 5, 2013, due to vesting PSUs, Fairbank filed an HSR Notification for an acquisition of COF voting securities that would result in holdings exceeding the $100 million threshold as adjusted. The HSR Act's waiting period on this filing expired on

March 7, 2013. Fairbank was permitted under the HSR Act to acquire additional voting securities of COF until five years after the 2013 filing waiting period expired (i.e., March 6, 2018) without making another HSR Act filing so long as he did not exceed the next highest threshold, $500 million, as adjusted.

17. On March 8, 2018, over five years after expiration of the waiting period for the February 5, 2013 filing, Fairbank acquired 101,148 shares of COF due to vesting PSUs. Even though this acquisition did not bring Fairbank's holdings over the next highest threshold ($500 million, as adjusted), he was required to make an HSR Act filing because the five-year exemption period of his 2013 filing had ended. As a result of this acquisition, Fairbank held voting securities of COF valued in excess of the $100 million threshold, as adjusted, which in 2018 was $168.8 million.

18. Although required to do so, Fairbank did not file under the HSR Act or observe the HSR Act's waiting period prior to completing the March 8, 2018, transaction.

19. On December 18, 2019, Fairbank made a corrective filing and the waiting period expired on January 17, 2020. Fairbank was in continuous violation of the HSR Act from March 8, 2018, when he acquired the COF voting securities valued in excess of the HSR Act's then applicable $100 million filing threshold, as adjusted ($168.8 million), through January 17, 2020, when the waiting period expired on his corrective filing.

## VIII. REQUESTED RELIEF

WHEREFORE, the United States requests:

a. that the Court adjudge and decree that Defendant's acquisition of COF voting securities on March 8, 2018, was a violation of the HSR Act, 15 U.S.C. § 18a; and that

Defendant was in violation of the HSR Act each day from March 8, 2018, through January 17, 2020;

  b.  that the Court order Defendant to pay to the United States an appropriate civil penalty as provided by the Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104 134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 84 Fed. Reg. 3980 (February 14, 2019);

  c.  that the Court order such other and further relief as the Court may deem just and proper; and

  d.  that the Court award the United States its costs of this suit.

Dated: September 2, 2021

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

| | |
|---|---|
| /s/ Richard A. Powers<br>Richard A. Powers<br>Acting Assistant Attorney General<br>Department of Justice<br>Antitrust Division<br>Washington, D.C. 20530 | /s/ Maribeth Petrizzi<br>Maribeth Petrizzi<br>D.C. Bar No. 435204<br>Special Attorney<br><br>/s/ Kenneth A. Libby<br>Kenneth A. Libby<br>Special Attorney<br><br>/s/ Kelly Horne<br>Kelly Horne<br>Special Attorney<br><br>/s/ Jennifer Lee<br>Jennifer Lee<br>Special Attorney<br><br>Federal Trade Commission<br>Washington, D.C. 20580<br>(202) 326-2694 |